# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| HEATHER M. HANEY, as Personal Representative of the Estate of Dean Hasler, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CYPRUS MINES CORPORATION, et al.,<br><br>Defendants. | CV-19-40-GF-BMM<br><br>**ORDER ON MOTION TO QUASH** |

Nationwide Mutual Insurance Company ("Nationwide") has filed a motion to quash a third-party subpoena originating from Defendants Johnson & Johnson & Johnson & Johnson Consumer, Inc. ("Johnson & Johnson"). (Doc. 103.) Johnson & Johnson requests that Nationwide produce six claim files in which Decedent Dean Hasler ("Hasler") was a claimant against insureds of Nationwide. Johnson & Johnson opposes the motion to quash. (Doc. 108.)

Plaintiff Heather M. Haney, as Personal Representative of the Estate of Dean Hasler, Deceased ("Plaintiff"), filed a complaint and amended complaint against Johnson & Johnson and multiple other defendants alleging that he was exposed to

1

asbestos, and/or asbestos-containing products, or equipment. (Doc. 1 and Doc. 3.) Johnson & Johnson filed an answer in which it generally denied the allegations in the amended complaint. (Doc. 10.) Johnson & Johnson served the subpoena at issue on Nationwide on about March 11, 2020. (Doc. 104-1.)

Johnson & Johnson requests that Nationwide produce six claim files related to claims that Hasler filed against insureds of Nationwide. These insureds include the following entities: 1) Moodie Implement Company (Date of Loss: 05/01/2008 and 05/01/2008); 2) Farm Equipment Sales, Inc. (Date of Loss: 05/01/2008, 05/01/2008); 3) Frontline Ag Solutions, LLC (Date of Loss: 08/17/2016); and Zerbe Brothers, Inc. (Date of Loss: 11/30/2014). (Doc. 104-1 at 3-5.) Nationwide contends that Johnson & Johnson's request represents an overreach that proves to be unduly burdensome on Nationwide and would require the disclosure of privileged or otherwise protected materials. (Doc. 104 at 3-5.)

Johnson & Johnson argues that Hasler's decision to file complaints against three of these insureds in Montana state court in August of 2016 in which he alleged injuries arising from exposure to asbestos, and/or asbestos-containing products, or equipment makes these claim files relevant to Plaintiffs' current action against Johnson & Johnson. (Doc. 108 at 2-3.)  Johnson & Johnson asserts that it seeks to obtain materials relevant to Hasler's claim in the Montana state court

action of exposure to asbestos-containing farm equipment. (*Id.* at 3.) Johnson & Johnson clarifies that it does not seek documents protected by claims of attorney-client privilege or work-product protection. (*Id.*) The Court agrees that Johnson & Johnson generally has a right to obtain these documents.

ORDER

Accordingly, **IT IS ORDERED** that Nationwide's Motion to Quash is **DENIED**;

**IT IS FURTHER ORDERED** that Nationwide must produce the following documents in the six claim files sought by Johnson & Johnson:

1) documents submitted by Hasler, Hasler's counsel, or any person or entity acting on behalf of Hasler;

2) statements made by Hasler, Hasler's counsel, or any person or entity acting on behalf of Hasler;

3) documents that Nationwide received from its insureds relating to Hasler's claims; and

4) statements submitted by Nationwide's insureds relating to Hasler's claims.

The Court does not anticipate that any of these items would be protected from disclosure by attorney-client privilege or work-product protection. The Court

directs Nationwide to file a privilege log for any of the above-listed documents that it believes should be withheld from production based upon attorney-client privilege or work-product protection.

**IT IS FINALLY ORDERED** that Johnson & Johnson shall pay Nationwide's reasonable attorneys fees, expenses, and costs incurred in complying with this subpoena.

DATED this 16th day of April, 2019.

_____
Brian Morris, Chief District Judge
United States District Court